### ECKERT v. JACKSON.

#### No. 218, Docket 22301.

United States Court of Appeals Second Circuit.

Argued May 7, 1952.

Decided June 3, 1952.

Walter T. Kohn, New York City (Weschler & Kohn and J. Charles Weschler, New York City, on the brief), for plaintiff-appellant.

Edward C. McLean, New York City (Debevoise, Plimpton & McLean and Daniel W. West, New York City, on the brief), for defendant-appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The district court denied recovery to plaintiff, suing as assignee of the stock brokerage firm of C. B. Richard & Co. on a contract made by them with defendant, because it found that the promisees were themselves first guilty of a substantial breach. The contract grew out of a securities trading account which defendant had had with the Richard firm and involved recognition by defendant of a resulting unliquidated indebtedness of large amount, coupled with Richard & Co.'s agreement to seek repayment from three specified sources: a certain portion of defendant's income above a stated minimum, one-third of a legacy he expected under his grandfather's will, not to exceed $50,000, and the securities in the trading account which gave rise to the obligation. Defendant by a unique provision was permitted to trade in this account for ten years, in order that he might have the opportunity to satisfy the debt fully from this source through judicious purchase, sale, and substitution of the collateral. Richard & Co. also had

the privilege, before the ten years had expired, of taking over the collateral and selling it, thereby releasing defendant from his obligation to make payments from other sources. While defendant's trading had had a considerable success, it had not fully liquidated the debt at the end of the ten-year period and this suit was brought to recover the $50,000 legacy. Defendant claims that before he received anything under the will Richard & Co. committed a substantial breach by refusing to honor his trading orders in the account, and the district court upheld this defense.

We agree. Defendant's promise to make available the portion of the legacy here sought was clearly dependent on his free opportunity to trade without frustration of that right by Richard & Co. Plaintiff claims that the right to substitute collateral was restricted by Richard & Co.'s privilege of limiting it to orders that the firm felt advisable. But, as the district court found, the only limitation specified by the contract was that the purchases and sales should not increase defendant's indebtedness to the firm. To read in others would have nullified the plan and purpose of the agreement. Cases cited by plaintiff, such as Ridgely v. Taylor, 118 App.Div. 10, 103 N.Y.S. 262, and Wrenn v. Moskin, 226 App.Div. 563, 235 N.Y.S. 405, 235 App.Div. 309, 257 N.Y.S. 54, 236 App.Div. 226, 258 N.Y.S. 703, are too dissimilar to have any bearing upon our decision. They dealt with pools or joint ventures, participated in equally by the parties, and unlike the situation of the defendant here, who was alone building up an account against his debt, coupled with the added reserve of pledges from his income and prospective legacy. And, as the court found, he was acting in entire good faith, and without any unfairness to his creditors, in placing his orders.

Hence the firm's refusal to execute certain orders placed by defendant in the course of his trading constituted a breach of the contract. The fact that the orders took the form of "puts" and "calls," rather than orders to buy and sell on the market, is immaterial, since this is certainly a traditional method of trading and thus

contemplated in the original contract. Defendant was clearly justified in concluding from the firm's several refusals that later orders would meet with similar action, thus significantly frustrating his opportunity to increase the value of the securities in the account. He was therefore entitled to treat the contract as at an end.

In view of this conclusion we need not consider the other ground taken by the district court, namely, that Richard & Co.'s refusal to execute orders as to certain of the collateral effected a "taking over" of the entire collateral to release the defendant from obligation under the contract terms so providing. The district court did not reach the additional issue of the statute of limitations.

Judgment affirmed.